## CIRCUIT COURT OF FAIRFAX COUNTY

Moubled A. Riahi et al.

v.

Waheed U. Feda et al.

March 8, 1995

Case No. (Law) 136253

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Demurrer of Defendants Debabrata Ghosh and Brijmohan Sharma and the Demurrer of Defendant Anil Goswami. For the reasons stated below, the Demurrers are sustained in part and overruled in part.

On October 15, 1991, Plaintiffs sold 100% of the stock of C. D. & P., Inc., to the Fedas who are also defendants in this case (hereinafter "the Fedas"). In that transaction, the Fedas entered into an Escrow Agreement for $80,000 and a Memorandum of Agreement to pay an extra $4,653.91 for the sale of the business. On April 1, 1992, the Fedas sold 75% of the C. D. & P., Inc., stock to Debabrata Ghosh, Brijmohan Sharma, and Anil Goswami (hereinafter "Defendants"). In an Assumption Agreement and Security Agreement, Defendants agreed to assume the $80,000 Note provided for in the Escrow Agreement payable to Plaintiffs. Plaintiffs allege that no payments have been made on the principal. Plaintiffs have filed this action against the Fedas and the other Defendants, alleging that they are all liable on the $80,000 Note provided for in the Escrow Agreement and the $4,653.91 provided for in the Memorandum of Agreement.

The Demurrers of Defendants Ghosh, Sharma, and Goswami are identical, with the exception of Defendant Goswami's contention that he has no liability because he has never signed any documents. Plaintiffs contend in their memorandum that Defendant Sharma signed as Defendant Goswami's agent, but there is no such allegation in the Motion for Judgment. From the faces of the Assumption Agreement and Financing Statement, there is no indication that Defendant Goswami signed either document or

that Defendant Sharma's signature was both in an individual capacity and as an agent for Defendant Goswami. Absent any contrary allegation in the Motion for Judgment, the Court sustains the Demurrer of Defendant Goswami on this ground.

Defendants demur on the ground that they are not liable for the alleged indebtedness. First, Defendants contend that they are not liable on the Note. The Court agrees and sustains the Demurrers on this ground. The Escrow Agreement evidences only an obligation by the Fedas to Plaintiffs for the $80,000 Note.

Second, Defendants contend that they are not liable on the Assumption Agreement because Plaintiffs have failed to allege that they are third-party beneficiaries of the Assumption Agreement and have failed to allege facts necessary to enable them to proceed against Defendants as third-party beneficiaries. The Court finds that Plaintiffs are intended third-party beneficiaries. The Court finds that Plaintiffs are intended third-party beneficiaries of the Assumption Agreement. There must be a clear intent to benefit the third person to enable him to sue on the contract. *Forbes v. Shaefer,* 226 Va. 391, 401 (1983). The Assumption Agreement states that the purchasers Brijmohan Sharma, Debabrata Ghosh, and Anil Goswami "have agreed to assume the balance of a negotiable promissory note made payable to Moubled A. Riahi and Miria Liliana Riahi in the amount of Eighty Thousand Dollars . . . ." This language indicates that the Assumption Agreement was clearly intended to benefit Plaintiffs. However, Plaintiffs have only alleged that Defendants are liable on the Note and have alleged no liability on the Assumption Agreement. This ground of the Demurrers is overruled.

Defendants demur on the ground that even if Plaintiffs were third-party beneficiaries of the Assumption Agreement, Plaintiffs must first attempt to foreclose on the property securing the Agreement before pursuing judgment against Defendants. The Court finds that Plaintiffs may pursue judgment against Defendants without foreclosing on the property. For example, a mortgagee need not first foreclose upon the property prior to obtaining judgment against a subsequent purchaser who assumes the obligation secured by the property. *Bankers Mfg. Corp. v. Jacobs,* 612 F. Supp. 1579, 1581 (E.D. Va. 1985). This ground of the Demurrers is overruled.

Defendants demur on the ground that Plaintiffs have failed to allege default by Defendants and what events constitute default. The Court finds

that Plaintiffs have failed to allege default on the Assumption Agreement (as opposed to the Note) and sustains this ground of the Demurrers.

Defendants demur on the ground that the Escrow Agreement prohibits transfer of the stock without written consent of Plaintiffs. *See,* Escrow Agreement, ¶ 2. Defendants contend that Plaintiffs have not produced any documents indicating Plaintiffs' agreement to substitute Defendants for the Fedas for repayment of the Note. The Court will infer that Defendants allege that the Assumption Agreement is therefore invalid and unenforceable against Defendants. The Court disagrees and overrules this ground of the Demurrers.

Defendants demur on the grounds that the Assumption Agreement limits Defendants' liability to $56,250 and that there is a balance on the Note of $75,000 and not $80,000. With the Court's ruling that the Plaintiffs' cause of action was only brought on the Note and not on the Assumption Agreement, this ground of the Demurrers is moot.

Finally, Defendants demur on the ground that Plaintiffs have failed to allege that Defendants are liable on the note for $4,653.91. The Court finds that while the Motion for Judgment demands judgment against Defendants on the $4,653.91 note, it alleges that only the Fedas are liable on that note. *See* Motion for Judgment, ¶¶ 3, 11, and 14. The Court sustains this ground of the Demurrers.

The order shall allow the plaintiffs fourteen days from entry to amend the Motion for Judgment should they choose to do so.